**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

MARLA CASAMASSA,

        Plaintiff,

vs.                                                        Case No. 2:07-cv-317-FtM-34DNF

WALTON P. DAVIS CO., INC.,

        Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4; Motion to Dismiss), filed on May 18, 2007. Defendant Walton P. Davis Co., Inc. moves the Court to dismiss Plaintiff's claim against it pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), for failure to state a claim. See Motion to Dismiss at 1. On June 20, 2007, Plaintiff filed a response in opposition to the Motion to Dismiss. See Marla Casamassa's Response to Defendant's Motion to Dismiss (Doc. No. 14; Response). Accordingly, the matter is ripe for disposition.

### I. Procedural History

The Complaint in this action was filed in state court on March 6, 2007, see Complaint (Doc. No. 2), and removed to this Court on May 14, 2007, see Notice of Removal (Doc. No. 1). In the Complaint, Plaintiff Marla Casamassa alleges breach of a moving services

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

contract against Defendant Walton P. Davis Co., Inc.[2]  See Complaint at 1.  According to Plaintiff, Defendant Walton P. Davis Co., Inc. is a Florida corporation, see id. ¶3, which is engaged in the business of providing moving and storage services, see id. ¶6.  Attached to the Complaint, Plaintiff submitted copies of the subject moving services contract (Doc. No. 2-2; Complaint Exhibit A), as well as a letter from Judy Zuccagnino, purportedly written on behalf of Defendant, accompanied by a document entitled "Statement of Claim" (Doc. No. 2-3; Complaint Exhibit B).

On or about July 13, 2005, Plaintiff entered into a contract (the "Contract") with Defendant "for moving services for personal items," Complaint ¶4, from Great Neck, New York, to Naples, Florida, see Complaint Exhibit A at 1.[3]   On August 15, 2005, Defendant made a delivery to the appropriate Naples address, but items valued in excess of $15,000 were not delivered, "lost or stolen."[4]  See Complaint ¶5.  In the event of loss or damage, the moving services Contract provides the following claims procedures:

> Section 6.   As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the

---

[2]   The facts summarized are drawn from the allegations contained in Plaintiff's Complaint.

[3]   In ruling on the Motion to Dismiss, the Court considers the facts and allegations set forth in Exhibits A-B as well as the Complaint.  See Rule 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true, and the court limits its consideration to the pleadings and attachments thereto."); Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994) (finding that an exhibit to the complaint was part of the pleadings, and thus, the Rule 12(b)(6) motion was not converted into a motion for summary judgment).

[4]   In the Statement of Claim document attached to the Complaint, Plaintiff represents that the actual cash value of the shipment at issue was "[a]bout $35,000 (Missing/Damaged)."  See Complaint Exhibit B at 1.

>claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice.  Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

See Complaint Exhibit A at 2.  Pursuant to the Contract, Plaintiff filed a claim with Defendant, which Defendant acknowledges receiving on September 23, 2005.  See Complaint ¶7; Complaint Exhibit B.

On March 6, 2007, Plaintiff filed the instant action, alleging that Defendant breached its contractual obligations by "(a) Failing to move the personal items to Naples, Florida; (b) Failing to maintain the items in safe keeping; [and] (c) Losing or stealing the moving items of the Plaintiff while the items were in the Defendant's possession." Id. ¶9.  Based on these allegations, Plaintiff seeks monetary damages and interest, as well as attorney's fees and costs from Defendant.  Id. at 3.

In the Motion to Dismiss, Defendant contends that the claim against it should be dismissed pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.  Motion to Dismiss at 1.  Specifically, Defendant asserts that because Plaintiff's claim "arises out of the shipment in interstate commerce," it is governed by the Carmack Amendment to the Interstate Commerce Act,[5] 49 U.S.C. §14706 et seq.  See id. at 2.  As such, Defendant asserts that Plaintiff's state law breach of contract claim is preempted by the Interstate Commerce Act and should therefore be dismissed.  See id.  Plaintiff, on the

---

[5]     Effective January 1, 1996, the Carmack Amendment to the Interstate Commerce Act, formerly at 49 U.S.C. §11707 (1995), was recodified and modified by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §14706.  The Court notes that these revisions did not substantively alter the Carmack Amendment and, in spite of the revision, the Interstate Commerce Commission Termination Act is nonetheless still commonly referred to as the "Interstate Commerce Act" or the "Carmack Amendment." Molloy v. Allied Van Lines, Inc., 267 F. Supp. 2d 1246, 1251 n.3 (M.D. Fla. 2003).

3

other hand, contends that "the contract between the parties established the method of liability," including notice of claim provisions and a two-year statute of limitations in which a party may initiate a lawsuit in the event of a breach. See Response at 1. "At the very least," Plaintiff argues, "the motion to dismiss is premature in that the Defense must first establish that there is a question of liability outside the contract," since "Defendant has accepted liability pursuant to the contract." See id. at 2.

## II. Standard of Review

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." Lotierzo v. A Woman's World Med. Ctr., 278 F.3d 1180, 1182 (11th Cir. 2002); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic, 127 S. Ct. at 1974. The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions

of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal quotations omitted).

### III. Discussion

In the Motion to Dismiss, Defendant argues that Plaintiff's breach of contract claim arises out of a shipment in interstate commerce, and is thus preempted by the Carmack Amendment. See Motion to Dismiss at 2. Based on the broad preemptive scope of the Carmack Amendment, Defendant maintains that state law does not provide a proper basis for Plaintiff's claim. See id. at 2. In response, Plaintiff argues, without citing to any legal authority, that her breach of contract claim is not governed by the Interstate Commerce Act, but rather by the liability provisions of the contract itself. See Response at 2 ("The claim of the Plaintiff is purely for damages as the Defendant has contracted [itself] into a position of liability and away from the provision of the [I]nterstate Commerce Act . . . .").

The Interstate Commerce Act, 49 U.S.C. §13101, et seq., contains several provisions, collectively referred to as the Carmack Amendment, 49 U.S.C. §11707, et seq., which govern a motor carrier's liability to a shipper for the loss of, or damage to, an interstate shipment of goods. Adams Express Co. v. Croninger, 226 U.S. 491, 503-04 (1913). The Carmack Amendment provides that a shipper may recover the "actual loss or injury to the property" caused by a carrier. 49 U.S.C. §14706(a)(1); Molloy v. Allied Van Lines, Inc., 267 F. Supp. 2d 1246, 1251 (M.D. Fla. 2003); see also A.I.G. Uru. Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003). A "carrier," or in this case, a "motor carrier," is someone who provides commercial motor vehicle transportation for compensation. 49 U.S.C. §§13102(3), (10) & (12). To accomplish the goal of uniformity as

to liability arising from the performance of interstate shipping contracts, the Carmack Amendment broadly "preempts state law claims arising from failures in the transportation and delivery of goods." Smith v. UPS, 296 F.3d 1244, 1246 (11th Cir. 2002); see also Molloy, 267 F. Supp.2d at 1251 ("[T]he Carmack Amendment creates a single cause of action, and preempts all other state law claims arising from failures in the transportation and delivery of goods."). Indeed, the United States Supreme Court has acknowledged the broad preemptive scope of the Carmack Amendment, stating:

> [t]hat the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

Adams Express Co., 226 U.S. at 505-06; see also Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29 (1936) (per curiam) ("The words of the statute are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.") (internal quotation omitted).

The Court first addresses whether initial prerequisites for Carmack Amendment coverage are met. In doing so, the Court determines that the allegations in the Complaint establish that Defendant qualifies as a "motor carrier" as defined in the Carmack Amendment. 49 U.S.C. §13102. Indeed, Plaintiff alleges that Defendant "held itself out as experts in the moving and storage business," and that she contracted with Defendant for "moving services for personal items." See Complaint ¶6. These allegations establish that

Defendant is an entity "providing commercial motor vehicle . . . transportation for compensation," and is therefore a "motor carrier" as defined by 49 U.S.C. §13102(14). As a "motor carrier," Defendant is subject to the liability provisions of the Carmack Amendment with regard to its transportation and delivery of interstate shipments. See 49 U.S.C. §§13102(10), (12) & (14). Moreover, Plaintiff characterizes the goods to be moved by Defendant as "personal items." See Complaint ¶4. Upon review of the items listed in Complaint Exhibits A and B, the Court determines that the subject items are within the scope of "household goods," a category defined as "personal effects and property used or to be used in a dwelling." 49 U.S.C. §13102(10); see also 49 C.F.R. §375.1(b)(1).

The Court's review of the Complaint further discloses that Plaintiff's breach of contract claim is predicated entirely on Defendant's alleged failure to adequately transport and deliver Plaintiff's goods. See generally Complaint. Indeed, Plaintiff alleges that she entered into a contract with Defendant to move household goods from Great Neck, New York to Naples, Florida. See Complaint ¶4, Exhibit A. She maintains that Defendant failed to move these items to Naples, failed to maintain the items in safekeeping, and also alleges that at least some of the items were lost or stolen while they were in Defendant's possession. See id. ¶9. Based on these allegations, Plaintiff requests damages in excess of $15,000, in addition to attorney's fees and costs. See id. ¶5. Construing all reasonable inferences in favor of Plaintiff, the Court determines that Plaintiff's Complaint alleges a claim for breach of an interstate shipping contract based on loss and damage to household goods.

While the Eleventh Circuit Court of Appeals has recognized that a shipper's claim against a carrier may be excluded from the reach of the Carmack Amendment if it is

"separate and distinct" from the delivery, loss of, or damage to goods, see Smith, 296 F.3d at 1248-49, Plaintiff's purported injury in the action at hand arises precisely from the delivery, loss of, or damage to the goods she entrusted to Defendant for shipping.  Indeed, the Complaint provides no basis for a conclusion that Plaintiff's breach of contract claim is "separate and distinct" from Defendant's failure to transport and deliver her items pursuant to the interstate shipping contract.  See id.  Rather, Plaintiff alleges only one claim "clearly and directly" premised on the alleged loss of and damage to her goods by Defendant in the course of the transportation and delivery of the goods pursuant to an interstate shipping contract.  See generally Complaint.  In light of the foregoing, the Court finds that the Carmack Amendment squarely preempts Plaintiff's breach of contract claim.  See Smith, 296 F.3d at 1246.  As the Court has determined that a claim under the Carmack Amendment is the exclusive remedy for Defendant's alleged breach of the interstate shipping contract at issue, the Court will dismiss Plaintiff's state law breach of contract claim with prejudice and grant Plaintiff leave to amend the Complaint to plead a cause of action under the Carmack Amendment.[6]

**IV. Conclusion**

1.     Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) is **GRANTED**.

2.     The state law breach of contract claim set forth in Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

3.     Plaintiff shall have until **April 14, 2008**, to file an Amended Complaint stating

---

[6] While Defendant argues that the Carmack Amendment preempts Plaintiff's request for punitive damages, see Motion to Dismiss at 6, in light of the Court's resolution of the instant Motion to Dismiss, the undersigned need not address this question at this time.

a proper cause of action under the Carmack Amendment.

**DONE AND ORDERED** at Fort Myers, Florida this   28th   day of March, 2008.

> *Marcia Morales Howard*
> **MARCIA MORALES HOWARD**
> United States District Judge

lc5
Copies to:
Counsel of Record